A. B. HARVEY, Appellant, v. THE SIDES SILVER MINING COMPANY, Respondent.

Where damages are claimed for depositing a large quantity of earth on the premises of plaintiff, and it is shown that the cost of removing it would exceed the value of the premises, it is error to charge the jury that the sum of money which it would take to remove the earth from the plaintiff's lot is the proper measure of damages.

The measure of damage for injury to property is not always the sum of money which it would require to repair the injury or to restore the property to the condition it occupied before the injury. In those cases where the cost of restoring to its original condition will exceed its actual value, the value of the property and not the cost of removing the injury complained of is the proper measure of damage.

But where the cost of repairing the injury does not exceed the value of the property, such cost will usually be the measure of damage.

APPEAL from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. RICHARD RISING presiding.

The facts appear in the opinion of the Court.

*Perley & DeLong*, Attorneys for Appellant.

With regard to the measure of damages the Court substantially charged the jury that the true measure of damages was the amount that would be required to place the lot in the same condition it was before the nuisance was committed.

We contend that this instruction was not erroneous, but was substantially correct.

In a case like this no definite and certain rule for the admeasurement of damages is laid down in the books.

If any rule of damages is established by law, that rule must be followed, but if none exists, then the discretion of the jury is the only standard within the amount claimed in the declaration. (*Boyce* v. *California Stage Company*, 25 Cal. 473; 16 Pick. 547; 1 Washington C. C. R. 154.)

If the plaintiff had a right to the enjoyment of this property, he had a right to everything which added to its comfort or convenience. With that dirt upon it, the property was useless.

The Court could not compel its removal, and the only dam-

ages which would compensate the plaintiff were what it would cost him to remove it, and of this he gave full proof.

Damage cannot be determined by any certain or positive rule appropriate to all cases. Each case must be determined according to its own peculiar facts.

Generally speaking, the actual injury which the plaintiff has sustained is the measure of damages, and all the facts and circumstances which tend to show the injury are admissible in evidence. (*Ivry* v. *McQueen*, 17 Ala. 409 ; Sedgwick on Dam. 28, 29, 30 ; 2 Comstock, 161.)

In *Walter* v. *Post*, 4 Abb. Pr. R. 389, a tenant for years had his premises injured by excavations done upon an adjoining lot, and brought suit for damages.

The Court below charged the jury as follows :

"With respect to the injuries to the building the plaintiff is entitled to recover what it must cost to put it in a suitable condition for the use before made of it."

The Court also said, " That the plaintiff would be entitled to recover sufficient to put the building in as good condition as when he hired it, wear and tear excepted."

These instructions were upon appeal held correct.

This doctrine perfectly sustains the instructions given by the Court below in this case.

It is also sustained in the case of *Shaw* v. *Cummiskey*, 7 Pick. 76.)

·The new trial in this case was granted, as the Court below alleged, upon the authority of the case of *De Costa* v. *The Mass. M. Co.*, 17 Cal. 613.

This case is not in point. There is a vast difference between a ditch dug in an open field and a nuisance created to the injury of a man's dwelling. No particular necessity was shown to exist for filling up the ditch, but it was clearly necessary that *this* dirt should be removed before there could be any substantial enjoyment of the property.

If the instruction was substantially correct, a new trial ought not to be granted, and upon the correctness of that charge we submit the case.

*Hillyer & Whitman*, for Respondent.

This is an appeal from an order of Court granting to defendant, against which judgment in Court below was rendered, a new trial.

The Supreme Court will not interfere with such order unless there has been an abuse of discretion on the part of the Court below. (*Drake et al.* v. *Palmer et al.*, 2 Cal. p. 177; Ib., p. 348; *Hansel* v. *Bernhisel*, 11 Cal. p. 340.)

Was there such abuse? It is assumed by respondent that the Court below granted the new trial on account of error in its instruction to the jury on the proper rule of damages.

Admit the assumption, and yet the Court was right; the instruction as given by the Court does not recite the rule correctly. Let the instruction be compared with the authorities, and the error is manifest. (Sedgwick on Measure of Damages, 2d edition, pp. 136, 454, 144, note; *De Costa* v. *Massachusetts Flat Water and Mining Company*, 17 Cal., p. 613; *Wylie* v. *Smitherman*, 8 Iredell, p. 236.)

If any such error occurred, then a new trial should have been granted, and the Court below consequently committed no abuse of discretion. (Graham & Waterman on New Trials, vol. 1, p. 262.)

Opinion by LEWIS, C. J., full Bench concurring.

The facts in this case, as presented to us by the transcript, are substantially as follows: In July, A. D. 1863, the plaintiff purchased a certain lot in the City of Virginia, near the quartz lode claimed by the defendant, from persons claiming to have located it in 1860. Shortly after the conveyance to him he graded about two-thirds of it, and built a dwelling house thereon at a cost of four thousand five hundred dollars, and enclosed the lot with a fence and stone wall. That the defendant whilst sinking a shaft upon its ledge deposited from one thousand to fifteen hundred tons of earth and rock on that part of the lot not graded or improved, broke down the fence and stone wall, and by turning water upon the lot destroyed the plaintiff's cellar; by reason of which he suffered an actual damage of about eight hundred and fifty dollars, besides the loss of three weeks' rent of his house, and the use of that por-

tion of the lot upon which the earth is deposited.    The plaintiff claimed five thousand dollars damages, and recovered three thousand eight hundred.    A motion for new trial having been made by the defendant, and granted by the Court below, plaintiff appeals.

Upon submitting the case, the Judge charged the jury, *that the true measure of damage was the sum of money that it would require to remove the dirt from the plaintiff's lot,* with a reasonable compensation for injury to buildings and fencing, together with the amount of rent which was lost by reason of the unlawful acts of defendant.

If the jury were misdirected as to the law in this instruction, the new trial was properly granted.    Under some circumstances the instruction would perhaps be perfectly correct, though clearly erroneous upon the facts as presented to us in this case.    The measure of damage for injury to property is not always the sum of money which it would take to repair the injury, or to restore the property to the condition it occupied before the injury.    In those cases where the cost of restoring it to its original condition will exceed its actual value (which may often be the case), the value of the property and not the cost of removing the injury complained of, would be the proper measure of the damage.    If the rule announced in the instruction were to be followed in all cases of this character, the damage recovered might often greatly exceed the value of the property appropriated or trespassed upon.    In this very case, suppose the plaintiff had no improvements on the lot, and its real value would not exceed one thousand dollars, can it be claimed that the plaintiff would be entitled to recover what it would cost to remove the earth, which would exceed by two thousand dollars the actual value of the entire lot ?    As it is, had the jury taken the highest cost estimated by the witnesses for removing the dirt, it would have amounted in the aggregate to six thousand dollars, a sum exceeding the entire value of the property, whilst the plaintiff continues in the enjoyment of his dwelling house and two-thirds of his lot, and which do not appear to have suffered any permanent depreciation from the deposit of earth on the rear of the lot.    If the dump pile were a continuing injury, rendering the balance of the lot less

valuable, and the house less convenient, and the cost of removing the dirt would not exceed the damage thus suffered by the plaintiff, it might have been correct to charge the jury that the proper measure of damage would be the cost of such removal; but, on the other hand, if the cost of removing the earth would exceed the damage suffered by plaintiff, it would be error so to charge them.

Where an injury is done to a building, as in the case of *Walter* v. *Fort*, 4 Abb. Practice R., cited by counsel for appellant, the cost of putting it in as good condition as it was before the injury would be the proper measure of damage, for in most cases of the kind such cost would, in fact, be the actual damage suffered by the complainant, though where there was a total destruction of a building it was held that the value of the building, and not the cost of rebuilding it, was the proper measure of damage. (*Wylie* v. *Smitherman*, 8 Iredell, 236.) So in *Jones* v. *Gooday*, 8 Meson & W., 146, the English Court of Exchequer held that the proper measure of damage in an action of trespass for entering upon the plaintiff's close and carrying away the soil was the value of the land removed, and not the expense of restoring the premises to their original condition.

Though the charge given by the Court in this cause might be correct in some cases, it is not the rule where, as in this case, the cost of restoring the property to its original condition might exceed its value or the actual damage sustained by the plaintiff. The new trial was therefore properly granted. Ordered accordingly.